IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| HOUSHMAND KHOSHBIN,<br><br>      Plaintiff,<br>v.<br><br>VILLAGE OF PALATINE, A Municipal Corporation, OFFICER PATRICK JOHNSON, OFFICER TODD HOLTZ, Individually and in their official capacity as Village of Palatine Police Officers,<br><br>      Defendants. | FILED: MAY 21, 2008<br>08CV2949    PH<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE COX<br><br>Court No. |

## NOTICE OF REMOVAL

TO:    The Judges of the United States District Court
         for the Northern District of Illinois,
         Eastern Division

NOW COMES your petitioner, the VILLAGE OF PALATINE, by and through its attorneys, DeANO & SCARRY, and respectfully petition this Court as follows:

**Exhibit A – Plaintiff's Complaint At Law**

    1.    Petitioner, the VILLAGE OF PALATINE, is a Defendant in a civil action brought in the Circuit Court of Cook County, Illinois, entitled <u>Houshmand Khoshbin v. Village of Palatine, et al.</u>, No. 07 L 10660. The individually named defendants have not been served.

    2.    The Plaintiff filed his original Complaint on October 9, 2007, alleging that the Village of Palatine deprived of a his Fourth and Fifth Amendment rights under the Due Process Clause of the Fourteenth Amendment. The plaintiff caused summons to issue on March 26, 2008. The defendant

VILLAGE OF PALATINE was served on April 21, 2008. This Petition for Removal is therefore timely filed within thirty days of service upon the defendant of that complaint. See 28 U.S.C. § 1446(b).

3. This Court has original jurisdiction over this matter because Plaintiff purports to bring an action under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. See 28 U.S.C. §§ 1331; 1441(b).

4. As of the filing date of this Petition for Removal, no pleadings have been filed since Plaintiff filed his Complaint at Law.

WHEREFORE, the petitioner prays that the above action now pending in the Circuit Court of Cook County, Illinois, No. 07 L 10660, be removed to this Honorable Court for disposition.

Respectfully submitted,

DeANO & SCARRY

By: s/Laura L. Scarry
Laura L. Scarry

DeANO & SCARRY
53 West Jackson Blvd.
Suite 1062
Chicago, IL 60604
(630) 690-2800
Attorney No. 6231266

2

08CV2949        PH
JUDGE CASTILLO
MAGISTRATE JUDGE COX

# **EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION, COUNTY DEPARTMENT

HOUSHMAND KHOSHBIN )
    Plaintiff, )
v. )
     ) No:
VILLAGE OF PALATINE, a Municipal )
Corporation, OFFICER PATRICK ) **07L010660**
JOHNSON, OFFICER TODD HOLTZ. )
Individually aand in their official capacities )
as Village of Palatine Police Officers, )
    Defendants, )

## COMPLAINT AT LAW

NOW COMES Plaintiff, HOUSHMAND KHOSHBIN by and through his Attorney Thurston R. Kohler, and complaining of the Defendants, VILLAGE OF PALATINE, OFFICER PATRICK JOHNSON, OFFICER TODD HOLTZ individually and in their official capacity as Village of Palatine Police Officers, states as follows:

1. That on or about October 10, 2007 at approximately 6:01 pm Plaintiff was involved in a traffic accident in the intersection of Lake Cook Road and Rand Road on the border of Palatine Illinois and Kildeer Illinois.

2. That after the collision the Plaintiff left his disabled vehicle in the intersection of Lake Cook Road and Rand Road and traveled on foot to the Shell Gas Station on the Southwest corner of the intersection to request police assistance.

3. That shortly thereafter Police offices from the Village of Palatine, Village of Kildeer and Cook County Sheriff arrived on the scene.

4. That Plaintiff was confronted by police officers from the aforesaid jurisdictions on the premises of the Shell Gas Station.

5. That in an attempt to restrain the Plaintiff K-9 Officer Johnson of the Palatine Police Department deployed his dog *Crow* and ordered the police canine to engage Plaintiff.

6. That as a result of Officer Johnson's command the canine caused a large laceration of Plaintiff's left up extremity on the anterior aspect of his biceps and posteriorly in the triceps. Plaintiff further suffered severe trauma and lacerations to his upper body and head.

7. That dispite the severe injuries to Plaintiffs upper extremities several officers including Officer Holtz and Officer Johnson of the Palatine Police Department and Officer Radtke of the Kildeer Police Department agrivated and caused additional trauma to Plaintiff.

## COUNT I
## SECTION 1983 CLAIM

8. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 7 of Plaintiff's complaint.

9. This action is brought pursuant to 42 U.S.C.A. s1983, and s1988 for violation of Plaintiff's Fourth and Fifth Amendment rights as made applicable to the States through the Fourteenth Amendment of the Constitution of the United States.

10. That at all times Defendant Officer Patrick Johnson was employed by the Village of Palatine Police Department in the capacity of police officer and was acting under the color of law.

11. The Plaintiff has a constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment to the United States Constitution.

12. The Plaintiff has a constitutional right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

13. The Defendant, Officer Patrick Johnson, while acting under color of law, violated Plaintiff's constitutional rights to be free from unreasonable searches and seizures by unjustifiably ordering his K-9 to engage Plaintiff and causing the Plaintiff serious injury.

14. The actions of Defendant, Officer Patrick Johnson were committed with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution of the United States.

15. As a direct result of the actions of the Defendant, Officer Patrick Johnson, committed upon the Plaintiff, The Plaintiff suffered serious personal injury, pain and suffering, mental anguish and emotional distress, loss of freedom without probable cause, embarrassment and humiliation.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Patrick Johnson individually in an amount in excess of this courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT II
### SECTION 1983 CLAIM

16. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 15 of Plaintiff's complaint.

17. That at all times Defendant Officer Todd Holtz was employed by the Village of Palatine Police Department in the capacity of police officer and was acting under the color of law.

18. The Plaintiff has a constitutional right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment to the United States Constitution.

19. The Plaintiff has a constitutional right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

20. The Defendant, Officer Todd Holtz, while acting under color of law, violated Plaintiff's constitutional rights to be free from unreasonable searches and seizures by unjustifiably assisting Officer Johnson in ordering his K-9 to engage Plaintiff and causing the Plaintiff serious injury and thereafter subduing and handcuffing Plaintiff causing additional serious injury to Plaintiff.

21. The actions of Defendant, Officer Todd Holtz were committed with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution of the United States.

22. As a direct result of the actions of the Defendant, Officer Todd Holtz, committed upon the Plaintiff, The Plaintiff suffered serious personal injury, pain and suffering, mental anguish and emotional distress, loss of freedom without probable cause, embarrassment annd humiliation.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Todd Holtz individually in an amount in excess of this courts jurisdictional limits as will adequately justly compensate Plaintiff for his

injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT III

### VICARIOUS LIABILITY CLAIM

23. The The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 22 of Plaintiff's complaint.

24. The Defendant, Village of Palatine, as a municipal corporation and employer of Defendants, Officer Patrick Johnson and Officer Todd Holtz and other Police Officers employed by it, has duty to properly train police officers in handling situations involving persons in need of mental health treatment.

25. The Defendant, Village of Palatine, as a municipal corporation and employer of Defendants, Officer Patrick Johnson and Officer Todd Holtz and other police officers employed by it, fail to properly train police officers in handling situations involving persons in need of mental health treatment pursuant to the Palatine Police Department general orders for responding to persons suffering with mental disorders.

26. The Defendant, Village of Palatine, engaged in the practice of negligent training by not adequately and properly training police officers in dealing with persons in need of mental disorders.

27. As a result of this inadequate and negligent training of the Village of Palatine police officers as the training relates to persons in need of mental health treatment, the Plaintiff suffered serious personal injury, pain and suffering, mental anguish and emotional distress, loss of freedom without probable cause, embarrassment and humiliation.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Village

of Palatine, a municipal corporation, in an amount in excess of this courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## 42 U.S.C.A.
## ATTORNEY FEES

28. In addition to the prayers for relief recited herein for compensatory and punitive damages, Plaintiff seeks an award of attorney's fees pursuant to 42 U.S.C.A. s1988.

## COUNT IV ASSAULT & BATTERY
## OFFICER JOHNSON

29. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 28 of Plaintiff's complaint and further alleges:

30. The Defendant Officer Patrick Johnson, willfully, wantonly, and intentionally engaged his canine among other acts causing Plaintiff serious injury without legal cause or justification.

31. Defendant Officer Patrick Johnson conduct was not neither an exercise of discretion, nor a determination of policy.

32. That the unjustified attack by Defendant of a mentally ill Plaintiff was a direct and proximate result of his injuries.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Patrick Johnson, in an amount in excess of this courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT V ASSAULT & BATTERY
## OFFICER TODD HOLTZ

33. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 32 of Plaintiff's complaint and further alleges:

34. The Defendant, Officer Todd Holtz, willfully, wantonly, and intentionally assisted Officer Johnson in engaged his canine among other acts causing Plaintiff serious injury without legal cause or justification.

35 Defendant Officer Todd Holtz conduct was not neither an exercise of discretion, nor a determination of policy

36. That the unjustified attack by Defendant of a mentally ill Plaintiff was a direct and proximate result of his injuries.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Todd Holtz, in an amount in excess of this courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT VI ASSAULT & BATTERY
## VILLAGE OF PALATINE

37. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 36 of Plaintiff's complaint and further alleges:

38. The Defendants, Officer Patrick Johnson and Officer Todd Holtz, willfully, wantonly, and intentionally engaged a police canine among other acts causing Plaintiff serious injury without legal cause or justification.

39. Defendant Officer Patrick Johnson and Officer Todd Holtz conduct was not neither an exercise of discretion, nor a determination of policy.

40. That the unjustified attack by Defendants of a mentally ill Plaintiff was a direct and proximate result of his injuries.

41. That at all revelant times, the Defendants, Officer Johnson and Officer Holt were employed by Defendant, Village of Palatine when they used unjustifiable and excessive force by engaging among other acts causing Plaintiff serious injury without legal cause or justification.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Village of Palatine, in an amount in excess of this Courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT VII FALSE IMPRISONMENT
## OFFICER PATRICK JOHNSON

42. The Plaintiff alleges and re-alleges the allegations contained in paragraphs 1 through 41 of Plaintiff's complaint and further alleges:

43. The actions of Defendant Officer Patrick Johnson, in detaining Plaintiff Houshmand Khoshbin were willfully, wantonly, and intentionally and done without justification and probable cause.

44. Defendant Officer Patrick Johnson conduct was neither an execise of discretion, nor a determination of policy.

45. The actions of Officer Patrick Johnson constituted an unreasonable and unlawful restraint of Plaintiff Houshmand Khoshbin's personal liberty and were against his will.

46. That the actions of Officer Patrick Johnson constituted a false arrest of Plaintiff Houshmand Khoshbin.

47. As a direct and proximate result of Defendants Officer Patrick Johnson, actions in falsely arresting the Plaintiff Houshmand Khoshbin, Plaintiff suffered emotional distress, mental anguish, embarrassment and humiliation and was prevented from attending his usual annd customary affairs.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Patrick Johnson, in an amount in excess of this Courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT VIII FALSE IMPRISONMENT
## OFFICER TODD HOLTZ

48. The Plaintiff alleges and re-alleges paragraphs 1 through 47 of the allegations contained in complaint and further alleges:

49. The actions of Defendant Officer Todd Holtz, in detaining Plaintiff Houshmand Khoshbin were willfully, wantonly, and intentionally and done without justification and probable cause.

50. Defendant Officer Todd Holtz conduct was neither an execise of discretion, nor a determination of policy.

51. The actions of Officer Todd Holtz constituted an unreasonable and unlawful restraint of Plaintiff Houshmand Khoshbin's personal liberty and were against his will.

52. That the actions of Officer Todd Holtz constituted a false arrest of Plaintiff Houshmand Khoshbin.

53. As a direct and proximate result of Defendants Officer Todd Holtz actions in falsely arresting the Plaintiff Houshmand Khoshbin, Plaintiff suffered emotional distress, mental anguish, embarrassment and humiliation and was prevented from attending his usual and customary affairs.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Officer Todd Holtz, in an amount in excess of this Courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

## COUNT IX FALSE IMPRISONMENT
## VILLAGE OF PALATINE

54. The Plaintiff alleges and re-alleges paragraphs 1 through 53 of the allegations contained in complaint and further alleges:

55. The actions of Defendants Officer Patrick Johnson and Officer Todd Holtz, in detaining Plaintiff Houshmand Khoshbin were willfully, wantonly, and intentionally and done without justification and probable cause.

56. Defendants conduct was neither an execise of discretion, nor a determination of policy.

57. The actions of Defendat Officer Patrick Johnson and Officer Todd Holtz constituted an false arrest of the Plaintiff Houshmand Khoshbin's.

58. As a direct and proximate result of Defendants actions in falsely arresting the Plaintiff Houshmand Khoshbin, Plaintiff suffered emotional distress, mental anguish, embarrassment and humiliation and was prevented from attending his usual and customary affairs.

59. At all revelant times Defendant Officer Johnson and Defendant Holtz were empolyed by the Defendant Village of Palatine and were acting within the scope of employment as a police officer for the Village of Palatine when they falsely arrested Plaintiff Houshmand Khoshbin.

WHEREFORE, the Plaintiff, Houshmand Khoshbin, respectfully prays that judgment be entered in his favor and against the Defendant, Village of Palatine, in an amount in excess of this Courts jurisdictional limits as will adequately justly compensate Plaintiff for his injuries, plus all expenses incurred, and other and further relief the Court deems just and equitable.

_____
THURSTON R. KOHLER

I, THURSTON R. KOHLER, an attorney for the Plaintiff in the above captioned case depose and state that the damages sought in this action do exceed $50,000.00.

_____
THURSTON R. KOHLER

THURSTON R. KOHLER
8 W. Monroe Street #506.
Chicago, IL 60603
(312) 201-1212
Attny# 16400